**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-108-DLB**

**MEHMET EREN USBURAK**                                                              **PETITIONER**


**v.**                          **MEMORANDUM OPINION AND ORDER**


**MARC FIELDS, et al.**                                                               **RESPONDENTS**

**\* \* \* \* \* \* \* \* \* \***

## I.     INTRODUCTION

This matter is before the Court on Petitioner Mehmet Eren Usburak's Petition for Writ of Habeas Corpus (Doc. # 1).  Respondents having filed their Response (Doc. # 6), and Petitioner having filed his Reply (Doc. # 7), this matter is now ripe for review.  For the following reasons, the Court will **deny** the Petition.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Mehmet Eren Usburak is a native and citizen of Turkey.  (Doc. # 1 ¶ 1). He entered the United States on December 21, 2023 and was shortly apprehended by border patrol officials.  (*Id*. ¶ 1-2).  On December 22, 2023, Petitioner was issued a Notice to Appear ("NTA") and released on his own recognizance.  (*Id*. ¶ 2); (*see also* Doc. # 6-1).  On November 15, 2025, while driving in Kenton County, Kentucky, Petitioner was stopped by local law enforcement for exceeding the posted speed limit.  (*Id*. ¶ 26).  The record is unclear why Petitioner was subsequently detained for a speeding infraction, but at some point he was transported to the Kenton County Detention Center ("KCDC"). Meanwhile, an officer at the KCDC was conducting routine Criminal Alien Program

1

("CAP") operations.  (Doc. # 6-3).  The officer identified Petitioner as a noncitizen who was currently in immigration proceedings.  (*Id.*).  Accordingly, an Immigration Customs and Enforcement ("ICE") detainer was issued, and after Petitioner settled the fine for his underlying traffic infraction, he was turned over to ICE.  (*Id.*).

On January 20, 2026, Petitioner had a custody redetermination hearing before Immigration Judge ("IJ") Kelly Johnson.  (Doc. # 6-5).  In his order, IJ Kelly Johnson denied bond on the grounds that the immigration court lacks authority to hear a bond request in light of the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id*. at 1).  Alternatively, the IJ concluded that, "[s]hould a reviewing body find that the Court has authority to hear this bond, the Court finds that [Usburak] is a flight risk."  (*Id.*).  The order states this decision was made after "full consideration of the evidence presented[.]"  (*Id.*).

On March 6, 2026, Usburak filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1).  On March 10, 2026, this Court ordered Respondents to Respond (Doc. # 5).  Respondents having filed their Response (Doc. # 6) and Petitioner having filed his Reply (Doc. # 7) the matter is now ripe for this Court's review.

## III.    ANALYSIS

Usburak's Petition alleges that his present detention violates the INA and deprives him of the rights afforded him by the Due Process Clause of the Fifth Amendment.  (Doc. # 1).

### A.  The Writ of Habeas Corpus

At its core, the writ of habeas corpus provides "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008).  And this relief is available to "every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  A district court may grant a writ of habeas corpus to any person who shows that he is detained within the Court's jurisdiction in violation of the Constitution or the laws and treaties of the United States.  28 U.S.C. § 2241(c)(3).  In making such a showing, "the petitioner 'has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation.'"  *Caver v. Straub*, 349 F.3d 340, 351 (6th Cir. 2003) (quoting *Romaine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)).  The Supreme Court has recognized that habeas relief extends to noncitizens. *See Rasul v. Bush*, 542 U.S. 466, 483 (2004) ("[Alien] Petitioners contend that they are being held in federal custody in violation of the laws of the United States . . . Section 2241, by its terms, requires nothing more.").

### B.  Custody Redetermination Hearing

The Court has previously found that aliens who, like Usburak, entered the United States without inspection and remained present for years prior to an arrest by ICE are subject to the discretionary detention scheme established by 8 U.S.C. § 1226 and not the mandatory detention required by 8 U.S.C. § 1225(b)(2).  *See, e.g., Moyao Roman v. Olson*, No. 25-cv-169-DLB-CJS, 2025 WL 3268403, at *1 (E.D. Ky. Nov. 24, 2025); *Pacheco-Acosta v. Olson*, No. 25-cv-186-DLB, 2025 WL 3542128, at *1 (E.D. Ky. Dec. 10, 2025); *Lopez-Ramos v. Olson*, No. 26-cv-8-DLB, 2026 WL 372887, at *1 (E.D. Ky. Feb. 10, 2026).  For the reasons set forth in those decisions, the Court likewise finds that

3

Usburak is subject to the discretionary detention provisions of 8 U.S.C. § 1226.  But Usburak's detention differs in a crucial respect—he has already received a bond hearing. (Doc. # 6-5).  Indeed, in the order by the IJ, it notes that Petitioner "requested a custody redetermination hearing" and that "after a full consideration of the evidence presented, the [Petitioner's] request for a change in custody status" was denied (1) due to lack of jurisdiction, and (2) in the alternative, because Petitioner was deemed a flight risk.  (Doc. # 6-5).  Usburak, however, does not acknowledge that a hearing already took place. Rather, he argues that the "government's detention of Petitioner without a bond hearing violates his right to due process."  (Doc. # 1 ¶ 62).

In their Response, Respondents point out that "[u]nlike some detainees, Petitioner had a bond hearing."  (Doc. # 6 at 2).  Despite this acknowledgement by Respondents, Petitioner still did not address his bond hearing in his Reply.  (*See* Doc. # 7).  In fact, unlike many of the petitioners that have been before this Court, Usburak does not even believe that a bond hearing will remedy this due process violation.  Rather, Petitioner states that "any motion requesting a custody redetermination is futile" and therefore the only appropriate remedy in this case is release.  (*Id*. ¶ 18).

Petitioners requested relief—immediate release—would, in effect, require this Court to reconsider the IJ's decision to deny bond.  Respondents argue that this Court lacks the jurisdiction to review discretionary decisions made by an IJ, including an in-the-alternative decision.  (Doc. # 6 at 2).  Accordingly, the Court must first consider whether an in-the-alternative decision is a lawful discretionary decision by an IJ.

Here, the Court does not find "that the IJ's decision was unlawful merely 'because it was handed down on an in-the-alternative basis.'"  *Kumar v. Anda-Ybarra*, No. CIV-26-

4

164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chiquito Barzola v. Warden, Delaney Hall Det. Facility Newark NJ*, No. 2:25-cv-17326 (MEF), 2025 WL 3443487, at *2 (D.N.J. Dec. 1, 2025)).   In *Chiquito Barzola*, an IJ found that the immigration court lacked jurisdiction to release the petitioner pursuant to *Hurtado* but ruled in the alternative that the petitioner was not entitled to release because he posed a flight risk.  2025 WL 3443487, at *2.  In reviewing the petitioner's habeas petition, a court in the District of New Jersey concluded

> There is no reason to discount the Immigration Judge's risk-of-flight holding because it was handed down on an in-the-alternative basis.   In the alternative holdings are understood as providing, on their own, a sufficient foundation for a court's ruling. . . . Therefore, the Immigration Judge's in-the-alternative holding, that the Petitioner is a risk of flight, supplies an adequate basis for the Immigration Judge's determination that the Petitioner should remain detained.

> *Id*.

In *Kumar*, a court in the Western District of Oklahoma similarly concluded that it lacked the jurisdiction to reconsider the IJ's discretionary decision, despite that decision being handed down on an in-the-alternative basis.  2026 WL 753944, at *2.  Specifically, the court noted that the petitioner argued that the record evidence did not support the IJ's decision, yet he made no attempt to show that the decision was "somehow legally erroneous or unconstitutional."  *Id.*; *see also Singh v. Blanche*, No. CIV-26-311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026) ("The IJ's bond determination order states that a hearing was held and the IJ considered evidence. . . 'Petitioner does not indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof.'" (quoting *Kumar*, 2026 WL 753944, at * 2)); *Hernandez-Gabriel v. Tate*, No. H-25-5687, 2026 WL 161192, at *4 (S.D. Tex. Jan. 20,

5

2026) (finding that the court had "no jurisdiction to entertain" a petitioner's challenge of the immigration judge's order where the IJ denied bond in-the-alternative).

Accordingly, the Court finds that the decision to deny bond in-the-alternative because Petitioner is a flight risk is a lawful discretionary decision made by the IJ after full consideration of the evidence.  Thus, the Court must determine if it has jurisdiction to review such a discretionary decision.

### C. Jurisdiction

Respondents' jurisdictional argument centers on 8 U.S.C. § 1226(e).  (Doc. # 6 at *2*).  That statue provides that

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).  Accordingly, "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, No. 5:25-cv-153, 2025 WL 3022478, at *3 (S.D. Tx. Oct. 29, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)).  Still, the Supreme Court has emphasized that "this limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases.  It does not block lawsuits over 'the extent of the Government's detention authority under the "statutory framework" as a whole.'" *Nielsen*, 586 U.S. at 401 (quoting *Jennings v. Rodriguez*, 583 U.S. 295-96 (2018)).  So, where a petitioner challenges a particular discretionary "action" taken by an IJ—as opposed to the statutory framework as a whole—§ 1226(e) precludes the federal courts' review.  *Jennings*, 583 U.S. at 296; *see also Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 279 (3d. Cir. 2018) ("Because

6

[the petitioner] does not challenge a particular action or decision, but rather 'the statutory framework that permits his detention without bail,' § 1226(e) does not deprive the District Court or this Court of jurisdiction[.]" (quoting *Demore v. Kim*, 538 U.S. 510, 517 (2003) (cleaned up)).   Thus, the Court may only consider Usburak's Petition insofar as it challenges the extent of the Government's detention authority under the INA's framework. *See Nielsen*, 586 U.S. at 401.

Usburak's Petition does not challenge the INA's statutory framework or the extent of the Government's detention authority. *See Nielsen*, 586 U.S. at 401 (noting that § 1226(e) bars review of discretionary applications of § 1226); *Hernandez-Gabriel*, 2026 WL 161192, at *4 (holding that a district court lacked jurisdiction to consider a petitioner's challenge to the correctness of an IJ's determination that the petitioner posed a flight risk); *Perez Sierra v. Bondi*, No. 25-cv-18829, 2026 WL 497070, at *3 (D.N.J. Feb. 23, 2026) ("This Court lacks jurisdiction to review any discretionary determinations underlying an immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order."); *cf. Soto-Medina v. Lynch*, No. 1:25-cv-1704, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (holding that § 1226(e) did not bar consideration of a petitioner's challenge that the discretionary process of § 1226(a) itself is unconstitutional).   He does not claim that his bond hearing lacked necessary procedural safeguards or that the IJ did not have statutory authority to deny bond.  Indeed, he does not acknowledge the bond hearing at all.  Rather, Petitioner seeks immediate release, which would require this Court to review the IJ's discretionary decision to deny bond in-the-alternative because Petitioner is a flight risk.  The Supreme Court has

repeatedly recognized that § 1226(e) bars judicial review of such decisions. *See Nielsen*, 586 U.S. at 401; *Jennings*, 583 U.S. at 295; *Demore*, 538 U.S. at 516.

Because Petitioner challenges a discretionary application of § 1226(a) and fails to raise a cognizable challenge to the underlying statutory framework or the extent of the Government's detention authority, § 1226(e) precludes this Court's review.

## IV.    CONCLUSION

For the foregoing reasons, Usburak's Petition for Writ of Habeas Corpus (Doc. # 1) is **DENIED**.

This 16th day of April, 2026.



Signed By:

David L. Bunning    *DB*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2026\26-108 MOO on Habeas Petition.docx